IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CT-3034-FL

| | | |
|---|---|---|
| S. SHANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THEODIS BECK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion for summary judgment (DE # 30) pursuant to Federal Rule of Civil Procedure 56 of defendants Theodis Beck, Boyd Bennett, and Lewis Smith (collectively "defendants").[1] These matters are ripe for adjudication. For the following reasons, the court grants in part and denies in part defendants' motion for summary judgment. The court grants plaintiff's motion to seal.

## STATEMENT OF THE CASE

Plaintiff brought this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Plaintiff alleges that he is being denied reasonable accommodations for his disability, including access to a computer and personal care items. Plaintiff also alleges that he is being discriminated against because he is being denied a job assignment, and thus, the opportunity to earn gain time to offset his

---

[1] Also before the court is plaintiff's motion to seal (DE # 40), in which plaintiff requests, pursuant to Local Rule 79.2 and the consent protective order filed in this case, that the court seal the following: (1) the memorandum of law opposing defendants' motion for summary judgment; (2) the exhibits supporting plaintiff's memorandum of law; and (3) the affidavit supporting plaintiff's memorandum of law. For good cause shown, the motion to seal is ALLOWED.

parole eligibility date. Plaintiff requests: (1) reasonable accommodation for his disability including access to a computer and personal care items; and (2) the opportunity to earn gain time, with reasonable accommodation, in the way non-disabled inmates earn gain time or, in the alternative, an award of medical gain time.

On February 23, 2010, defendants filed a motion for summary judgment arguing that plaintiff's ADA and Rehabilitation Act claims are without merit. Defendants argue that plaintiff is unable to establish a *prima facie* case under the ADA or Rehabilitation Act because his skin sensitivity is not a disability as defined by these statutes. Defendants also argue that plaintiff is unable to establish a *prima facie* case because he cannot demonstrate that they have discriminated against him or denied him access to any programs because of his alleged disability. Finally, defendants argue that plaintiff has not been subjected to invidious discrimination. On May 6, 2010, plaintiff filed a response to defendants' motion for summary judgment, along with a motion to seal his response. Defendants replied on May 28, 2010.

## STATEMENT OF FACTS

The undisputed facts are as follows. Plaintiff has been in the custody of the North Carolina Department of Corrections ("DOC") since 1993. At the time he entered DOC custody, he possessed a congenital condition in that he was born without fingers or toes. Plaintiff contends that this condition greatly hinders his ability to function in prison. For instance, plaintiff states that it takes him approximately fifteen (15) to twenty (20) minutes to compose a half-page of written text. He claims that, after writing for that time period, he experiences extreme pain and fatigue in his hands and is unable to grasp any other items for an extended period of time. Plaintiff, however, asserts that he is able to effectively communicate through the use of a computer despite his condition.

At some point during his incarceration, plaintiff was housed at Craggy Correctional Center ("Craggy"). Plaintiff states that at Craggy he was permitted access to a computer to accommodate his condition. Plaintiff claims that the computer assisted him in completing grievance forms and in making requests for accommodations. In 2003, plaintiff was assigned a job as an office clerk, which required him to use a computer. However, in June 2005, plaintiff's computer access at Craggy was terminated following an investigation of plaintiff and Assistant Superintendent Edith Pope for unauthorized or misuse of state-owned computer equipment. Plaintiff has not had access to any computer or electronic storage device since this incident.

On September 16, 2005, plaintiff was transferred to Albemarle Correctional Institution ("Albemarle"). Plaintiff states that, in addition to being denied access to a computer at Albemarle, he has been denied access to necessary personal care items. In particular, plaintiff alleges that he has been denied access to tweezers, a toothbrush with a rubber grip, tennis shoes, velcro straps, round shoe laces, and clothes without buttons. Plaintiff states that the tweezers are necessary to perform functions that would typically be performed by fingernails and that he requires a rubber grip on his tooth brush so that he does not drop it.

As part of his disability, plaintiff alleges that he has deep crevices on the ends of his arms and legs that dry out and crack, causing him discomfort. Plaintiff states that his skin sensitivity is lessened when he wears cotton clothing and uses cotton linens. Plaintiff states that most of his cotton clothing items have been arbitrarily confiscated and replaced with non-cotton items that are abrasive to his skin. According to plaintiff, this discomfort interferes with his ability to think, concentrate, and sleep.

3

Case 5:07-ct-03034-FL   Document 46   Filed 09/29/10   Page 3 of 13

Finally, plaintiff states that prison officials at Albemarle have refused to offer him a job assignment or to attempt to provide him with accommodations to enable him to perform a wider range of job assignments. The parties dispute whether plaintiff has requested a job assignment. Plaintiff alleges that he has asked his case manager for a job assignment on several occasions and that his former attorney, Carl Stewart, made a job assignment request on his behalf. Defendants contend that plaintiff has not requested a job assignment while at Albemarle.

## DISCUSSION

A    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.    Analysis

Plaintiff filed this action pursuant to the ADA and the Rehabilitation Act, alleging that defendants discriminated against him because of his disability. Title II of the ADA, which prohibits discrimination against persons with disabilities in the provision of public services, provides that "no qualified individual with a disability shall, by reasons of such disability, be excluded from

4

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; see Tennessee v. Lane, 541 U.S. 509, 516-17 (2004). Similarly, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Title II of the ADA and the Rehabilitation apply to inmates in state prisons. Pa. Dept. of Corr. v. Yeskey, 524 U.S. 206, 210-13 (1998); see also Spencer v. Earley, 278 F. App'x 254 (4th Cir. 2008) (unpublished).

The ADA and Rehabilitation Act generally are construed to impose the same requirements. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 468-69 (4th Cir. 1999). To establish a *prima facie* case under Title II of the ADA or the Rehabilitation Act, plaintiff must show: (1) that he has a disability; (2) that he is otherwise qualified for the benefit in question; and (3) that he was excluded from the benefit based on his disability. Constantine v. George Mason University, 411 F. 3d 474, 498 (4th Cir. 2005) (citing Baird, 192 F.3d at 467-70). Under the ADA, the third step is met by a showing that disability played a "motivating role" in the adverse action; under the Rehabilitation Act, plaintiff must show that any adverse action was taken "solely by reason" of his disability. Id. at 498 n.17 (citing Baird, 192 F.3d at 469-70).

1. Plaintiff Has A Disability

A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A); Raytheon Co. v. Hernandez, 540 U.S. 44, 49 (2003). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending,

5

speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). A major life activity also includes the operation of a major bodily function. 42 U.S.C. § 12102(2)(B). Major bodily functions include, but are not limited to, "functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." Id.

The parties agree that defendant's lack of fingers and toes qualifies as a disability. But defendants contend that plaintiff's skin sensitivity does not constitute a disability because it does not affect a particular major life activity. Plaintiff counters that his skin condition is related to his congenital condition in that his skin condition is the result of the crevices on the ends of his hands and feet getting hard and dry. Plaintiff has provided a sworn affidavit that this condition causes his hands and feet to become extremely sensitive, causing pain at the slightest contact with anything else. Plaintiff further states that this pain interferes with his ability to sleep and to concentrate on day-to-day tasks.

Based on plaintiff's affidavit, the court finds that plaintiff has provided and forecasted sufficient evidence to survive summary judgment that his skin condition substantially limits his ability to sleep and concentrate. Moreover, the court finds that plaintiff's skin sensitivity is sufficiently related to his congenital condition to be integral to any analysis by the court for purposes of defendants' motion for summary judgment.

2. Plaintiff Is Otherwise Qualified

The parties agree that plaintiff is a qualified individual for the purposes of the ADA or Rehabilitation Act. A qualified individual is:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of

>architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). As already stated, plaintiff has a disability and meets the essential eligibility requirements of the contested services and activities provided by the prison.

   3.   Plaintiff's Exclusion From Services and Programs

A qualified individual can base a discrimination claim on any of three grounds for relief: (1) intentional discrimination (disparate treatment); (2) disparate impact; or (3) failure to make a reasonable accommodation. A Helping Hand, LLC v. Baltimore County, Md., 515 F.3d 356, 362 (4th Cir. 2008). Plaintiff's claim takes the form of one seeking a reasonable accommodation for his disability. See 42 U.S.C. § 12131(2). "[A] defendant need not make an accommodation at all if the requested accommodation would fundamentally alter the nature of the service, program, or activity." Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 88 (2d Cir. 2004) (internal quotations omitted); see also Miller v. Hinton, 288 Fed. Appx. 901, 902 (4th Cir. 2008) (per curiam) (unpublished). "Whether a requested accommodation is required by law is highly fact-specific, requiring case by case determination." Groner v. Golden Gate Gardens Apts., 250 F.3d 1039, 1044 (6th Cir. 2001) (internal quotation marks omitted).

Plaintiff seeks a number of accommodations. Plaintiff has requested (1) a number of personal care items; (2) computer access; and (3) a job assignment that would permit him to gain sentence reduction credits. These requested accommodations are discussed in turn below.

   a.   Personal Care Items

Plaintiff has requested a number of personal care items, including: (1) tweezers; (2) a toothbrush with a rubber grip; (3) cotton swabs and ointment; (4) cotton undergarments and t-shirts;

7

(4) round shoe laces; (5) clothes without buttons; (6) velcro straps; (7) and tennis shoes. Defendants assert that they have provided the following personal care accommodations for plaintiff's disability: (1) orthopedic shoes; (2) cotton socks; (3) access to purchase and/or be mailed tennis shoes; (4) zippered clothing; (5) a push button radio; and (6) prescription medication, including cotton swabs and ointment.

Plaintiff states that defendants initially provided him ointment for his skin condition, but that they have stopped allowing him access to ointment. As such, a genuine issue of material fact remains with respect to whether ointment has been provided. Plaintiff does not dispute that he has received the other materials purportedly provided by defendants. (Pl.'s Aff. ¶ 33.) Further, plaintiff does not provide evidence suggesting that the cotton socks and zipped clothing provided by defendant is insufficient to meet his request for cotton socks and clothes without buttons. As such, the court finds that there is no genuine issue of material fact as to whether defendants have reasonably accommodated plaintiff's requests for these particular materials.

Moreover, with respect to plaintiff's request for round shoelaces, the court also concludes that plaintiff has failed to demonstrate a genuine dispute of material fact as to this request. The evidence in the record demonstrates that plaintiff made a request to prison officials for lace ties on his shoes, but DOC records reflect that plaintiff insisted that he had the ability to tie his lace tie shoes despite his medical condition. (Martin Aff. ¶ 6 & Ex. A at 3.) Plaintiff was issued special orthotic shoes to assist with his disability, presumably with lace ties. (Id.) Based upon the foregoing, plaintiff has not demonstrated that his request for round shoe laces would be a reasonable accommodation.

8

With respect to the other items sought by plaintiff which he alleges to be essential for his personal care – tweezers, a toothbrush with a rubber grip, velcro straps, and cotton undergarments and t-shirts[2] – the record reflects that plaintiff has requested each of these items. (Pl.'s Resp. Ex. 1 & Ex. 6.) However, defendants do not address whether they have provided plaintiff a reasonable accommodation for these items, and do not offer any other defense as to why provision of these materials would not be reasonable. Thus, the court finds that there is a genuine issue of material fact with regard to these items.

Accordingly, defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART with respect to plaintiff's request for personal care items. The motion is granted with respect to plaintiff's request for cotton socks, clothes without bottons, and round shoelaces, and is denied with respect to plaintiff's request for ointment, tweezers, a toothbrush with a rubber grip, velcro straps, and cotton undergarments and t-shirts.

      b.    Computer Access

Plaintiff requests the use of a computer as an accommodation for his disability in order to complete grievance forms, as well as communicate with the courts, his attorneys, family, and friends. In support of his request, plaintiff explains that if he writes by hand for approximately fifteen (15) to twenty (20) minutes, he can complete about a half of a page of text. (Pl.'s Aff. ¶ 7.) He states that, after this time period, he experiences extreme pain and fatigue in his hands and is unable to grasp any other items for an extended period of time. (Id.) Plaintiff, however, states that his ability

---

[2] Plaintiff alleges that the tweezers, velcro straps, and toothbrush are essential for his personal care. Plaintiff states that the tweezers are needed to assist him in performing functions in which a typical person would use finger nails to accomplish. Plaintiff states that he needs a rubber grip on his toothbrush to keep him from dropping his toothbrush. Plaintiff claims he needs the velcro straps to hold personal items. Finally, plaintiff alleges that cotton undergarments are essential because fabrics made of other materials cause plaintiff pain and irritation.

9

to communicate without pain is possible with the use of a computer. (Id. ¶ 8.) Plaintiff explains that he has a nub on each hand located in the area in which his thumb otherwise would be located, which allows him to use a computer without experiencing pain.

In support of his request, plaintiff states that prison officials have provided him access to a computer in the past to accommodate his disability, and even altered his custody classification at one time to accommodate his disability. (Pl.'s Resp. Ex. 11.) Defendants admit that plaintiff has not had access to a computer since 2005, arguing that allowing him access to a computer would be a security threat. To support this assertion, defendants rely on the findings of a June 29, 2005, internal investigation of a former DOC employee, Assistant Superintendent Edith Pope, which demonstrates that plaintiff had unauthorized access to the Internet and signatures of Craggy supervisory correctional staff. (Pl.'s Resp. Ex. 11.) In response, plaintiff states that he has requested to prison officials that he have access to a word processor that does not have Internet access, in an effort to accommodate his disability. Plaintiff asserts that this accommodation would assist him with composing correspondence, but would not constitute a security risk because he would not have access to the Internet. Defendants have not addressed the reasonableness of this proposed accommodation. Instead, defendants assert that they have provided plaintiff a reasonable accommodation to assist him with writing because they are willing to provide him with special wide-lined paper and wide pens.

Defendants contend that the special paper and pens is a reasonable accommodation because plaintiff has the ability to communicate in writing, as evidenced by his completion of past grievance forms and his submission of grievances. However, the court finds that there is no evidence in the record to reflect that plaintiff has been provided with special paper and pens to assist him with

10

writing. Instead, the record does reflect that plaintiff has been disciplined on numerous occasions for submitting grievances on notebook paper, rather than the proper form. (Pl.'s Resp. Ex. 5.) The record also reflects that plaintiff explained to prison officials that he was submitting the grievances on notebook paper, instead of the proper form, because of his disability. (Id.) Plaintiff, however, still was disciplined for submitting grievances on the improper form. Finally, plaintiff states that the wider pens and paper with wider lines is not a sufficient accommodation for his disability because he has difficulty writing no matter how large the writing utensils. (Pl.'s Aff. ¶ 5.)

Based upon the foregoing, plaintiff has raised a genuine issue of material fact with regard to whether defendants provided a reasonable accommodation for plaintiff's disability. Thus, defendants' motion for summary judgment is DENIED with respect to this claim.

c. Denial of Job Assignment

Plaintiff alleges that defendants discriminated against him, based upon his disability, by failing to provide him an accommodation and excluding him from a job assignment that would permit him to accumulate sentence reduction credits. Defendants contend that plaintiff is unable to establish a *prima facie* case under either the ADA or Rehabilitation Act because he is unable to show that he was excluded from earning sentence reduction credits because of his disability.

Defendants assert that plaintiff was not assigned a job because of part-time program participation, disciplinary action, the ratio of jobs available to the number of inmates, and he did not express an interest in a job assignment. (Def.s' Mem. 6.) Defendants do not provide factual or evidentiary support for their contention that plaintiff was not provided a job assignment due to part-time program participation or disciplinary action. Thus, the court finds that there is a genuine issue of material fact with regard to whether the reasons offered are merely pretext for discrimination.

11

Regarding defendants' assertion that plaintiff did not demonstrate an interest in a job assignment until December 2009, plaintiff contests this assertion. Plaintiff states that he made written and verbal requests for a job assignment to his case manager at Albemarle. (Pl.'s Aff. ¶¶ 36, 41.) Additionally, on February 21, 2006, plaintiff's former attorney submitted a letter to Albemarle, on plaintiff's behalf, requesting a job assignment. (Pl.'s Resp. Ex. 15.) Based upon the foregoing, the court finds that there is a genuine issue of material fact as to whether plaintiff made a request for a job assignment to prison officials.

Finally, defendants state that plaintiff's lack of a job assignment was due to the ratio of jobs available to the number of inmates. This reasoning suggests that there have not been any job assignments that are compatible with plaintiff's health restrictions available during plaintiff's incarceration at Albemarle. However, defendants' own assertions refute this contention. Defendants assert in their motion for summary judgment that Albemarle has available work assignments that are compatible with plaintiff's Grade 3 medical restrictions. (Def.s' Mem. 15.) Based upon the foregoing, there is a genuine issue of material fact with respect to whether defendants' failure to provide plaintiff a job assignment was based upon disability discrimination.

12

Case 5:07-ct-03034-FL   Document 46   Filed 09/29/10   Page 12 of 13

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE # 30) is GRANTED in part and DENIED in part. Defendants' motion is GRANTED with respect to plaintiff's request for cotton socks, round shoe laces, or clothes without buttons. Defendants' motion is DENIED with respect to plaintiff's remaining claims. Plaintiff's motion to seal (DE # 40) is GRANTED.

SO ORDERED, this 28 day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge