IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CT-3034-FL

| | | |
|---|---|---|
| S. SHANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THEODIS BECK; LAURA YATES; DIRECTOR OF PRISONS BOYD BENNETT; AND SUPERINTENDENT LEWIS SMITH, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court in response to the August 20, 2012, status conference conducted in this action by United States Magistrate Judge William A. Webb. Following the status conference and pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the magistrate judge entered a memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff relief, strike any further filings by plaintiff from the record, and admonish plaintiff that any similar filings will be summarily denied and stricken. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and denies plaintiff relief.

**STATEMENT OF THE CASE**

On March 5, 2007, plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* North

Carolina Prisoner Legal Services ("NCPLS") represented plaintiff. On January 19, 2011, the parties participated in a court-hosted settlement conference with Magistrate Judge David W. Daniel, and reached a settlement. On March 25, 2011, the parties submitted a joint request for dismissal of the action with prejudice.

Following the dismissal of this action, plaintiff filed two motions arguing that the terms of the settlement agreement were not being met. The court subsequently directed NCPLS, on two separate occasions, to respond to plaintiff's motions. The matter, ultimately, was fully briefed. On February 10, 2012, the court dismissed, without prejudice, plaintiff's two motions to enforce the settlement agreement because the parties represented to the court that they were working together to resolve two remaining issues regarding plaintiff's access to a word processor.

On July 17, 2012, NCPLS filed a pleading captioned "notice," outlining the parties' efforts to reach a resolution in this case, and stating that it "is no longer able to assist plaintiff." On August 20, 2012, the magistrate judge conducted a status conference. The next day, the magistrate judge entered a M&R recommending that any relief sought by plaintiff be DENIED.

**DISCUSSION**

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of specific and timely filed objections, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

At the status conference for this case, the parties agreed that defendants have not breached the settlement agreement. Tr. pp. 6-7. The parties further agreed that the settlement agreement does not provide for the court to have a role in its enforcement. Id. pp. 4-5, 7-8. Finally, the parties agreed that the remedy for any breach of the settlement agreement would be a state contract action. Id. pp. 5, 9. Based upon this evidence, the magistrate judge recommended that the court deny plaintiff any relief. The magistrate judge further recommended that any filing by plaintiff after the dismissal of this case be stricken from the record. Finally, the magistrate judge recommended that plaintiff be admonished that any similar filings be summarily denied and stricken. The court agrees with the magistrate judge's analysis and ADOPTS the findings and recommendations of the magistrate judge in full.

## CONCLUSION

In summary, upon careful review of the M&R to which no objection has been made, as well as a review of the relevant case law, pleadings, and motions, the court ADOPTS the findings and recommendations of the magistrate judge in full, and DENIES plaintiff any relief pursuant to the settlement agreement.

SO ORDERED, this 6th day of December, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

3

Case 5:07-ct-03034-FL   Document 80   Filed 12/06/12   Page 3 of 3